

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00390-CR

REGINALD D. DAVIS                                                    APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

----------

FROM THE 297TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 0851753D

----------

### MEMORANDUM OPINION[1]

----------

Appellant Reginald D. Davis was convicted of capital murder on May 14, 2004, and this court affirmed his conviction on August 31, 2005. *Davis v. State*, No. 02-04-244-CR, 2005 WL 2100446, at *1 (Tex. App.—Fort Worth Aug. 31, 2005, pet. ref'd) (mem. op., not designated for publication). On April 22, 2014, Appellant filed a post-conviction motion for forensic DNA testing. *See* Tex. Code

---

[1]*See* Tex. R. App. P. 47.4.

Crim. Proc. Ann. art. 64.01(a-1) (West Supp. 2014). On June 6, 2014, the trial court denied Appellant's motion "because identity is not at issue." *See id.* art. 64.03(a)(1)(B) (West Supp. 2014). Appellant filed a notice of appeal from the trial court's order on September 10, 2014.

On September 22, 2014, we notified Appellant that we did not believe we had jurisdiction over his appeal because the notice of appeal had not been filed timely. *See* Tex. R. App. 26.2. We warned Appellant that we would dismiss his appeal for want of jurisdiction unless he responded showing grounds to continue the appeal. *See* Tex. R. App. 44.3. Appellant responded that he did not receive notice of the trial court's denial until September 2, 2014, rendering his notice of appeal timely.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under Rule 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). An appeal from the denial of a motion for DNA testing is treated in the same manner as an appeal from any other criminal matter. Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). Rule 26.2(a) requires that a notice of appeal be filed within thirty days after the date the trial court enters an appealable order. Tex. R. App. P. 26.2(a). Appellant did not file his notice of appeal within thirty days of the trial court's order. Appellant's assertion of lack of timely notice does not affect the appellate timetable. *See*

2

*Nevels v. State*, No. 10-08-00246-CR, 2008 WL 3509287, at *1 (Tex. App.—Waco Aug. 13, 2008, no pet.) (mem. op., not designated for publication). *Compare* Tex. R. App. P. 4.2 *and* Tex. R. Civ. P. 306a(4) *with* Tex. R. App. P. 26.2(a). Therefore, we have no jurisdiction over his appeal and dismiss the appeal for that reason. *See* Tex. R. App. P. 43.2(f).

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 23, 2014